UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRICO PAVAO,<br><br>        Plaintiff,<br><br>    v.<br><br>UNKNOWN,<br><br>        Defendant. | No. 2:21-cv-2082 TLN AC P<br><br><br><u>ORDER</u> |

Plaintiff, a county jail inmate proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2, 6. Plaintiff has also filed a motion for the appointment of counsel. ECF No. 3. This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons stated below, Plaintiff will be ordered to file an amended complaint or face dismissal. In addition, Plaintiff's request for the appointment of counsel will be denied.

I.        <u>IN FORMA PAUPERIS APPLICATION</u>

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF Nos. 2, 6. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the Court will

1

direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

III.   THE COMPLAINT

Plaintiff, an inmate housed at the Sacramento County Main Jail ("SCMJ"), names as defendants "John and Jane Doe 1-20," all of whom are SCMJ employees. ECF No. 1 at 2. The complaint does not identify any defendant by name. Plaintiff states that at the time of the incidents in question, he was a pretrial detainee. Id. at 8. He also states that he has ADA-level disabilities. Id. at 9-10, 14, 17. The claims are based on a lengthy factual narrative that begins with plaintiff's conditions of confinement in "3 West," where he was placed because he was suicidal. Id. at 8-18. Plaintiff alleges that he received inadequate care for a sexually transmitted disease, complained about his care and was then transferred to a more restrictive setting, was mistreated in the booking process for suicide watch, was put in a non-ADA compliant cell, was subjected to unsanitary conditions, was threatened and intimidated, and was denied necessary medical care. Defendants who were supervisors failed to properly train other defendants and ensure they did not use excessive force. Id.

Plaintiff's claims are all framed as due process issues. In Claim One, plaintiff alleges in conclusory terms that the events described in his narrative constituted excessive force and denied him the minimal civilized measures of life's necessities at the jail. Id. at 18, 19. Claim Two asserts in general terms that plaintiff's conditions of confinement amounted to punishment and exposed him to harm. Id. at 19-21. Claim Three primarily alleges that plaintiff was denied adequate medical care. Id. at 21-23. Claim Four appears to primarily rest on allegations of retaliation in violation of plaintiff's First Amendment rights. Id. at 23-24. All four claims reiterate much of the same conclusory legal language; none identifies any specific act of any individual defendant.

IV.   FAILURE TO STATE A CLAIM

A. Defects that Affect the Complaint as a Whole

1. Doe Defendants

The use of "Doe" defendants is disfavored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, where a plaintiff has stated a cognizable claim against a defendant whose identity cannot be known prior to the filing of a complaint, he may use

3

"Doe" as a placeholder while he attempts to discover the defendant's name. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). When plaintiff later learns the identity of a Doe defendant through discovery or by other means, he may move to file a further amended complaint to add the newly named defendant. Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

Because it is not possible to serve an unknown individual, a complaint must state at least one viable claim against an identified defendant in order to be served. Absent service of a defendant, a case cannot proceed. Because plaintiff's complaint brings claims only against Doe defendants, and alleges no identifying information regarding any of them, service would be impossible even if plaintiff had stated a claim for relief.

### 2. Defendants Liable for Own Acts and Omissions Only

Individual jail officials and employees can be sued under § 1983 only for their own specific acts and omissions that cause a violation of plaintiff's rights. See Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). This principle also applies to supervisors, as there is no respondeat superior liability under § 1983. See Iqbal, 556 U.S at 676; Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011). Plaintiff has not identified any specific acts of particular individuals (including Doe defendants) who are alleged to be responsible for the deprivations he complains of. He therefore has not stated any claim for which relief could be granted. To state a claim for relief, plaintiff must plainly identify who did what that violated his rights.

### 3. Rule 8 Requirements

Rule 8 of the Federal Rules of Civil Procedure requires a "short and plain statement" setting forth plaintiff's entitlement to relief. Conclusory allegations are insufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 679 (2009). The complaint must give each defendant notice of what claim is made against them and on what basis. See Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007). The court (and defendants) should be able to read and understand plaintiff's pleading within minutes. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

////

The complaint before the court consists of a lengthy factual narrative involving many events and issues, followed by "Claims" that refer globally to all factual allegations and present conclusory legal language invoking multiple constitutional provisions. To satisfy Rule 8, plaintiff must link his specific factual allegations to particular claims. Each separate claim must state plainly and concisely what actions of which defendants violated a specific right of plaintiff's. Because the complaint before the court fails to satisfy these Rule 8 standards, it is not amenable to claim-by-claim screening.

Plaintiff will be provided an opportunity to amend the complaint. To assist him in doing so, the court will set forth the legal standards that govern the claims it appears plaintiff is trying to present. Plaintiff is informed that in order to state a claim based on the denial of any of these rights, he must specify on a claim-by-claim basis what actions of which defendants caused the particular deprivation.

  B. Rights of Pretrial Detainees

    1. Generally

The rights of pretrial detainees are grounded in the Due Process Clause. Bell v. Wolfish, 441 U.S. 520, 545 (1979); Pierce v. County of Orange, 526 F.3d 1190, 1205 (9th Cir. 2008). Detainees have a substantive due process right against restrictions that amount to punishment. Valdez v. Rosenbaum, 302 F.3d 1039, 1045 (9th Cir. 2002) (citing United States v. Salerno, 481 U.S. 739, 746 (1987)). "For a particular governmental action to constitute punishment, (1) that action must cause the detainee to suffer some harm or 'disability,' and (2) the purpose of the governmental action must be to punish the detainee." Demery v. Arpaio, 378 F.3d 1020, 1029 (9th Cir. 2004) (citing Bell, 441 U.S. at 538). "Unless there is evidence of intent to punish, then those conditions or restrictions that are reasonably related to legitimate penological objectives do not violate a pretrial detainee's right to be free from punishment." Hatter v. Dyer, 154 F. Supp. 3d 940, 945 (C.D. Cal. 2015) (citing Block v. Rutherford, 468 U.S. 576, 584 (1984)).

In the first step of this inquiry, "the harm or disability . . . must either significantly exceed, or be independent of, the inherent discomforts of confinement." Id. at 1030 (citing Bell, 441 U.S. at 537). To determine punitive intent, courts "first examine whether the restriction is based upon

an express intent to inflict punishment." <u>Valdez</u>, 302 F.3d at 1045 (citing <u>Salerno</u>, 481 U.S. at 746). Courts "next consider whether punitive intent can be inferred from the nature of the restriction. This determination . . . will generally turn upon 'whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether [the restriction] appears excessive in relation to the alternative purpose assigned [to it].'" <u>Id.</u> (citing <u>Bell</u>, 441 U.S. at 539) (brackets in original).

Accordingly, as to any condition of confinement alleged to be unconstitutional, plaintiff must plead facts that demonstrate both (1) harm to plaintiff and (2) an intent to punish plaintiff, rather than a legitimate penological rationale, motivating the challenged action or restriction.

### 2. Medical Care

Plaintiff has made serious allegations regarding his mental and physical health and the inadequate responses of jail staff generally. A claim of unconstitutional medical care by a pretrial detainee is governed by an objective deliberate indifference standard. See <u>Gordon v. County of Orange</u>, 888 F.3d 1118, 1124-1125 (9th Cir. 2018). To state a claim, plaintiff must plead facts establishing that (1) a particular defendant or defendants made an intentional decision with respect to plaintiff's care or treatment; (2) that decision put the plaintiff at substantial risk of suffering serious harm; (3) the particular defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries. See <u>id.</u>

### 3. Sanitation and Safety

Unsanitary or otherwise unsafe conditions can, when severe enough, violate the Eighth Amendment rights of convicted prisoners by rising to level of cruel and unusual punishment, or violate the Fourteenth Amendment rights of pretrial detainees by rising to the level of punishment. See <u>Anderson v. County of Kern</u>, 45 F.3d 1310, 1314, as amended, 75 F.3d 448 (9th Cir. 1995); <u>Martino v. Carey</u>, 563 F. Supp. 984, 999-1000 (D. Or. 1983). To state a claim, plaintiff must identify the individuals responsible for creating the specific unsanitary and/or dangerous conditions at issue, and explain what those individuals did to create the condition or

danger. He must plead facts demonstrating that the specified defendants acted with punitive intent. Valdez, 302 F.3d at 1045.

### 4. First Amendment Retaliation

Adverse actions taken against an incarcerated person violate the constitution and support relief under § 1983, even when the adverse actions themselves do not rise to the level of an independent constitutional violation, if they are taken in retaliation for constitutionally protected conduct. See Entler v. Gregoire, 872 F.3d 1031, 1039 (9th Cir. 2017); Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). To state a claim for retaliation, plaintiff must allege facts establishing that (1) a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes, 408 F.3d at 567-68.

### 5. Americans with Disabilities Act

It is unclear whether plaintiff intends to rely on the ADA for a cause of action, but the complaint makes allegations of ADA violations. Accordingly, the court provides the following information. Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Such claims must be brought against the public entity itself. See United States v. Georgia, 546 U.S. 151, 159 (2006).

To state a claim under Title II of the ADA, plaintiff must allege that:

> (1) he "is an individual with a disability;" (2) he "is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;" (3) he "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (4) "such exclusion, denial of benefits, or discrimination was by reason of [his] disability."

McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004) (alteration in original) (quoting Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002)).

## V. LEAVE TO AMEND

Plaintiff will be given the opportunity to amend the complaint. If plaintiff chooses to amend, the newly filed amended complaint will take the place of the original. See Lacey v. Maricopa Cty., 693 F.3d 896, 925 (9th Cir. 2012) (stating amended complaint supersedes original complaint). Any amended complaint should observe the following:

An amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

An amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. See L.R. 220 (E.D. Cal. 2009). This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896 (2012).

## VI. MOTION TO APPOINT COUNSEL

As for plaintiff's motion for the appointment of counsel, ECF No. 3, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in Section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

////

The test for exceptional circumstances requires the Court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff argues that the appointment of counsel is necessary because the issues in this case require an understanding of medical terminology; he has an EOP level of mental health care; he has limited knowledge of the law, and he only has a GED. See ECF No. 3. Because plaintiff has yet to name any defendants in this action, or file a complaint that complies with Rule 8, it is not possible at this time to assess the potential merit of his claims. Moreover, the circumstances on which plaintiff relies are common to many if not most prisoners. For these reasons, the Court does not find the required exceptional circumstances. The motion will be denied.

VII.   PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

Your complaint does not state any claim for relief and will not be served. You are being given the opportunity to file an amended complaint. In order to proceed, you must identify as many defendants as possible by name, because an unnamed defendant can't be served. If you do not know an individual's name, you may call that person John or Jane Doe for the time being, but at least one defendant must be identified by name or the case cannot move forward.

An amended complaint must clearly state what each individual jail employee you are suing did to violate your rights. The court has provided information about what kinds of facts are needed to support each type of claim it looks like you are trying to bring. You should organize the facts about what each defendant did under the headings of the individual claims, based on the nature of the alleged violation.

Your request for counsel is denied at this time, because the court cannot tell yet whether your case will move forward. Also, your case is not "exceptional" because many incarcerated

////

persons have similar problems representing themselves. You may request the appointment of a pro bono (volunteer) lawyer again at a later stage of the case.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this Court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

6. Plaintiff's motion for the appointment of counsel, ECF No. 3, is DENIED without prejudice.

DATED: January 12, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE